**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| **SHAWN E. SCOTT,** | **CASE NO.  5:18 CV 2897** |
| **Plaintiff,** | **JUDGE DAN AARON POLSTER** |
| **vs.** | <u>**OPINION AND ORDER**</u> |
| **ANDREW M. SAUL,** **COMMISSIONER OF SOCIAL** **SECURITY ADMIN.,** | |
| **Defendant.** | |

Before the Court is the Report and Recommendation of Magistrate Judge George J. Limbert ("R&R"), who recommends that the Court affirm the decision of the Commissioner of Social Security Administration ("Commissioner") denying disability insurance benefits ("DIB") and supplemental security income ("SSI") to Plaintiff Shawn E. Scott.  **Doc #: 19**.  For the following reasons, the Court **AFFIRMS** the Commissioner's decision.

**I.**

Shawn Scott is a 45-year old man whose mother was a drug addict, who does not know who his father is, and who was relegated to spending the first ten to twelve years of his life in multiple foster homes, where he was physically, verbally, and sexually abused.  This unfortunate situation led to a lifetime of behavioral problems including major depressive disorder, post traumatic stress disorder, panic attacks, insomnia with recurrent, invasive thoughts related to his childhood trauma, anxiety, and anger problems.  To cope with these behavioral problems, Scott was treated with a variety of anti-depressant, anxiety, and insomnia medications along with counselling.  The record also shows that Scott had discectomy surgery and fusion of his cervical spine, C3-C5.  Since then, he has suffered cervical stenosis, radiculopathy and degenerative disc

disease; lumbar stenosis, radiculopathy and degenerative disc disease; and occipital neuralgia. To alleviate the symptoms arising from his physical ailments, Scott has been treated with a variety of narcotic painkillers and muscle relaxants.

On this record, the ALJ found that Scott has the following severe impairments:

degenerative disc disease in the cervical spine; status post anterior cervical discectomy and fusion; occipital neuralgia; degenerative disc disease in the lumbar spine; obesity; post traumatic stress disorder; and major depressive disorder.

Doc #: 14 at 25.  The ALJ further found that Scott has the Residual Functional Capacity ("RFC")[1] to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except for the following limitations:

[Scott] can occasionally operate left foot controls. [He] is limited to occasionally reaching overhead with the left upper extremity; for all other reaching he can reach frequently with the left upper extremity; and he can handle and finger items frequently with the left hand.  [Scott] can occasionally push and pull with the left upper extremity. [He] can occasionally climb ramps and stairs; never climb ladders, ropes or scaffolds; and occasionally balance, stoop, kneel, crouch, and crawl.  [Scott] can never work at unprotected heights, and cannot tolerate any exposure to moving mechanical parts.  Due to moderate limitations in concentration, persistence, or pace, [he] is limited to understanding, remembering, and carrying out simple routine, and repetitive tasks, but not at production rate pace (e.g., assembly line work); and can occasionally interact with supervisors and coworkers, but never interact with the public.

*Id*. at 27.  At the hearing, the ALJ asked a vocational expert whether sufficient jobs existed in the national economy for Scott to do, given his age (42 at the time of the hearing), education (high school), work experience (fast food services manager) and RFC.  The vocal expert testified that Scott could perform the light exertion jobs of a mail clerk, a routing clerk, and a hand bander.

---

[1]"Residual Functional Capacity" is an assessment of an individual's ability to do sustained work-related physical and mental activities in a work setting on a regular and continuing basis. SSR 96-8p (SSA), 1996 WL 374184 ¶ 1.

Because there are a sufficient number of jobs in the national economy that Scott can perform, the ALJ concluded that Scott is not disabled.

On December 17, 2018, Scott filed this case seeking judicial review of the Commissioner's final decision denying his application for DIB and SSI with an onset date of July 30, 2014.  Doc ##: 1, 7.  In his merits brief, Scott did not challenge the limitations the ALJ included in his RFC that were based on his physical impairments.  Scott only challenged the ALJ's failure to include in his RFC the need for a flexible break schedule based on his mental impairments.  Consequently, the Magistrate Judge confined his review to Scott's mental health records  and his alleged need for a flexible break schedule.  Scott timely filed an Objection, and the Commissioner filed a response. Respectively Docs ##: 20, 21.  The Court has reviewed the briefs, the administrative record and the record as a whole, and is prepared to issue its ruling.

## II.

To be eligible for Social Security disability benefits, a claimant must be deemed to have a "disability"as defined by the Social Security Act.  42 U.SC § 423(d)(1)(A).  A disability includes physical and/or mental impairments that are medically determinable and severe enough to prevent a claimant from performing his last job and engaging in "substantial gainful activity" that is available in sufficient numbers in the regional or national economies.  *Id*.  The claimant bears the burden of establishing his disability under the Act.  A reviewing court must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence.  *Id*. When substantial evidence supports the ALJ's denial of benefits, that finding must be affirmed, even if a preponderance of the evidence exists in the record upon which the ALJ could have found plaintiff disabled.  The substantial evidence standard creates a "zone of choice" within

which the ALJ can act without feat of court interference.  *Buxton v. Halter*, 246 F.3d 762, 773 (6th Cir. 2001).

A claimant's RFC is an assessment of the most a claimant can still do despite his limitations.   20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1).  The claimant bears the burden of providing sufficient evidence to make a RFC finding.  20 C.F.R. §§ 404.1545(A)(3), 416.945(a)(3).  The responsibility for determining a claimant's RFC rests with the ALJ.  *Poe v. Comm'r of Soc. Sec*., 342 Fed.Appx 149, 157 (6th Cir. 2009).  The RFC must be based on all of the relevant evidence in the record, including medical history, the effects of treatment, daily living activity reports, lay evidence, medical source statements.  SSR 96-8p (SSA), 1996 WL 374184, at *5.

### III.

The relevant part of the ALJ's RFC determination that relates squarely to Scott's mental health impairments is quoted below:

> Due to moderate limitations in concentration, persistence, or pace, [Scott] is limited to understanding, remembering, and carrying out simple routine, and repetitive tasks, but not at production rate pace (e.g., assembly line work); and can occasionally interact with supervisors and coworkers, but never interact with the public.

Doc #: 14 at 27.  Scott's objection raises the same argument he made to the Magistrate Judge, i.e., the ALJ erred by failing to include in his RFC the need for a flexible break schedule; thus, the finding of no disability is not supported by substantial evidence.  More specifically, Scott contends that three of four medical sources supported the limitation of a flexible break schedule such that its omission in the RFC constituted reversible error.  The Magistrate Judge did a thorough accounting of Scott's mental health records and assessments in his 19-page R&R, and

-4-

correctly concluded that the ALJ applied the proper legal standards in addressing the three medical sources' opinions, and the weight given to those opinions.  The Court agrees.

The three medical sources who Scott claims stated that he needed a flexible break schedule were not definitive with regard to the meaning, let alone need, for such schedule. Dr. Edwards opined that Scott "would *benefit from* a flexible break schedule due to symptom fluctuations."  Doc #: 14 at 103 (emphasis added).[2]  Dr. Rudy opined that Scott "would need some flexibility in terms of *time limits and production standards*."  *Id*. at 154 (emphasis added). And LSW Gehr opined that Scott needed serious limitations in "perform[ing] at a consistent pace *without an unreasonable number and length of rest periods*."  *Id*. at 1004 (emphasis added). Not only are these three opinions inconsistent, they shed no light on the meaning of the term "flexible break schedule."

Furthermore, the Court could only find one case in the Sixth Circuit that mentions a flexible break schedule, but even that case does not define the term.  *Baker v. Comm'r of Soc. Sec*., No. 3:18 CV 269, 2019 WL 4199749, at *4 (S.D. Ohio Sep. 5, 2019) (remanding case to Commissioner for the ALJ's failure to do a proper controlling weight analysis).  At the same time, the Court is familiar with Social Security standards that impact a claimant's ability to work an eight-hour day such as whether a claimant will be off-task more than 10% of an eight-hour workday,[3] and whether a claimant will likely be absent a certain number of days a month.[4]

---

[2]The Court's citations to the administrative record are to Doc #: 14 at the page number of 1319 total pages.  It is contained in the header (e.g., Doc #: 14 at 1003).

[3]*Cavallaro v. Colvin*, No. 1:14 CV 1057, 2015 WL 403142, at *4 (N.D. Ohio Jan. 28, 2015).

[4]*Criss v. Comm'r of Soc. Sec*., No. 1:17 CV 1257, 2018 WL 3368874, at *5 (N.D. Ohio Jul. 10, 2018).

Finally, the Court has found one case where two reviewing psychologists opined that a Social Security claimant "may need an occasional extra break to calm herself" which, along with other omitted limitations, warranted remand for incorporation into an ALJ's RFC.  *Howard v. Comm'r of Soc. Sec.*, No. 3:14 CV 364, 2015 WL 8213614, at *3 (S.D. Ohio Dec. 9, 2015).  *Howard* is distinguishable from this case because the claimant in *Howard* needed an occasional extra break, not a flexible break schedule.

Finally, the Court notes that the ALJ did incorporate in his RFC the unambiguous opinions of the three medical sources that Scott needed limitations in concentration, persistence, or pace, and that he was limited to performing simple, repetitive tasks but not at production rate pace, such as working on an assembly line.  These limitations are consistent with jobs such as mail clerk, routing clerk, and hand bander, which the vocational expert determined Scott could perform.  And none of these positions involve working on an assembly line, where everyone must take breaks at the same time or a specific time.

## IV.

Based on the foregoing, the Court **OVERRULES** the Objection, Doc #: 20, **ADOPTS** the R&R in its entirety, Doc #: 19, and **AFFIRMS** the Commissioner's decision denying DIB and SSI benefits.

**IT IS SO ORDERED.**

_    /s/ Dan A. Polster    May 12, 2020   _
**Dan Aaron Polster**
**United States District Judge**

-6-